**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 03-836 (JAP) |
| v. | : | **OPINION** |
| WILLIAM BASKERVILLE | : | |

Presently before the Court are motions by defendant, William Baskerville, (1) to dismiss the indictment for vindictive prosecution; (2) to dismiss from the Government's Notice of Intent to Seek the Death Penalty the aggravating factors "substantial planning and premeditation," "victim impact," and "future dangerousness;" (3) to compel the discovery of various materials; and (4) for a bill of particulars. The Court has carefully reviewed the submissions from the parties and heard oral argument on December 15, 2006. For the reasons stated herein, Defendant's motions are denied.

I.  Background

On November 25, 2003, Defendant was arrested by Federal Bureau of Investigation ("FBI") agents on a criminal complaint charging him with one count of knowingly and intentionally distributing and possessing with the intent to distribute more than five grams of a substance that contained cocaine base. According to Defendant, after his arraignment, his counsel advised him that the Government may wish to speak with him to determine if he had any desire to cooperate. Defendant informed his attorney that he would not cooperate and this

information was allegedly relayed to the Government.

Shortly before Defendant's bail hearing was to take place, Defendant's attorney was contacted by the Assistant United States Attorney ("AUSA") handling the matter. Defense counsel advised the AUSA that the Defendant had no desire to cooperate with the Government's investigation, and defense counsel also apparently told the Government that Defendant was not interested in negotiating a plea bargain. Thereafter, the Government advised defense counsel that it would be presenting the matter to the grand jury.

On December 2, 2003, the Government obtained an indictment charging defendant with one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of a substance containing cocaine base, as well as six counts of distribution and possession with intent to distribute more than five grams of a substance containing cocaine base.

The charges against Defendant were based in part upon sales of crack cocaine that Defendant allegedly made to Kemo Deshawn McCray, who was not named in the complaint but was referred to only as a confidential witness. On March 2, 2004, McCray was shot and killed while walking in Newark.

On March 3, 8, and 9, 2004, Defendant was visited in the Hudson County Jail by law enforcement agents. Defendant alleges that the agents attempted to elicit information from Defendant but were denied. Defendant also asserts that certain agents from the FBI told Defendant that his failure to cooperate was the reason that the Government had sought the

additional charges (*i.e.*, those in the December 2, 2003 indictment) against him.[1]

Several months later, on October 13, 2004, the Government obtained a superseding indictment that charged Defendant as well as a co-defendant with one count of conspiracy to distribute and possess with the intent to distribute more than 50 grams of a substance containing cocaine base and six counts of distribution and possession with intent to distribute more than five grams of a substance containing cocaine base.

On March 9, 2005 and June 29, 2006, the Government obtained two other superceding indictments, respectively, each charging the Defendant with conspiracy to murder a witness (specifically, Kemo McCray), conspiracy to retaliate against an informant, conspiracy to distribute cocaine base, distribution and possession with intent to distribute five grams or more of a substance which contained cocaine base, and distribution and possession with intent to distribute a substance containing heroin.

II.  Discussion

<u>Vindictive Prosecution</u>

Defendant asserts that after he refused to cooperate with the government subsequent to his arrest, the government sought and obtained additional charges against him, specifically those in the December 2, 2003 indictment.[2] Defendant argues that an evidentiary hearing

---

[1] The Government, on the other hand, states that the agents who visited with Defendant did not ask him any questions, but rather advised Defendant with respect to their investigation of the murder of Mr. McCray.  Additionally, by way of affidavit, one of the law enforcement agents named by Defendant denies that law enforcement ever told Defendant that an unwillingness to cooperate was the reason for the additional charges.

[2] In the interest of clarity, the Court notes that Defendant's claim of vindictive prosecution relates only to the elevation in charges in the December 2003 indictment with respect to the

3

should be held to determine whether the elevation in the charges in the December 2, 2003 indictment against the defendant was improperly motivated by prosecutorial vindictiveness. The Court, however, finds such a hearing to be unnecessary because even if the factual allegations that form the basis Defendant's motion are true, Plaintiff is not entitled dismissal of the indictment for vindictive prosecution.

Vindictive prosecution may occur when the Government penalizes a defendant for invoking legally protected rights. *United States v. Goodwin*, 457 U.S. 368, 372, 102 S.Ct. 2485, 2488, 73 L.Ed.2d 74 (1982); *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 667, 54 L.Ed.2d 604 (1978); *Blackledge v. Perry*, 417 U.S. 21, 28, 94 S.Ct. 2098, 2102, 40 L.Ed.2d 628 (1974). Where vindictive prosecution is alleged, it is the defendant that bears the burden of proof. In a pretrial situation such as is present here, a defendant is not entitled to a presumption of vindictiveness, and must show that a prosecutor's decision to bring more severe charges against him was motivated by actual vindictiveness. *Goodwin*, 457 U.S. at 384. Importantly, prosecutorial vindictiveness is not established simply because a defendant exercised a legal right and was subsequently indicted for an additional offense.

Defendant in this case was approached by the Government and declined the opportunity to cooperate in the investigation and to enter into plea negotiations. Defendant now alleges that because of this refusal the prosecution increased the severity of the charges

---

alleged drug-related offenses. The motion does not involve the subsequent charges stemming from the death of Kemo McCray.

against him.[3]  Even if Defendant's belief is true, it does not warrant dismissal of the indictment.  The situation Defendant describes is not one that is out of the ordinary in a criminal prosecution, and is not one that constitutes prosecutorial vindictiveness.  Indeed, the Supreme Court in *Goodwin* expressly recognized that

> [a]n initial indictment--from which the prosecutor embarks on a course of plea negotiation--does not necessarily define the extent of the legitimate interest in prosecution. For just as a prosecutor may forgo legitimate charges already brought in an effort to save the time and expense of trial, a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded.

*Goodwin*, 457 U.S. at 380.  Simply put, due process does not prohibit a prosecutor from bringing additional charges against a defendant who refused to plead guilty to an offense with which he was originally charged or who refused to cooperate with authorities.  *See id.*; *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) (holding that although the government may not retaliate against a defendant for exercising legal rights, in the context of plea bargaining there is no element of retaliation as long as the defendant is free to refuse the government's offer); *United States v. Oliver*, 787 F.2d 124, 125-26 (3d Cir.1986) (prosecution not vindictive where federal charges were brought because defendant failed to cooperate with state authorities).  *See also U.S. v. Dufresne*, 58 Fed. Appx. 890, 896 (3d Cir.

---

[3]The Government states that the charging decisions in this case were motivated "solely by the prosecutor's determination of the societal interest in prosecuting Defendant."  Gov't. Brf. at 13.  According to the Government, when Defendant rejected the option of a plea bargained disposition of the charges in the complaint, the Government, in preparation for trial, sought and obtained additional charges against Defendant.  Also, since Defendant was contesting the Government's application for pre-trial detention, the Government states that it sought the initial indictment for the additional purpose of triggering the presumption of detention under 18 U.S.C. § 3142(e).

2003) (not precedential) (In light of *Bordenkircher* and *Oliver*, "even if it is assumed that [Defendant] was indicted because he failed to cooperate, the prosecution was not vindictive or in retaliation for refusing to cooperate."). Consequently, Defendants' motion to dismiss the indictment for prosecutorial vindictiveness shall be denied.

Fifth and Sixth Amendment Claims

As part of his vindictive prosecution motion, Defendant argues that law enforcement violated his Fifth Amendment right against self incrimination and his Sixth Amendment right to counsel when he was visited by agents in the Hudson County Jail. However, the acts complained of take place several months after the initial indictment in the case, therefore they are irrelevant to the vindictiveness motion. Additionally, to the extent that Defendant may be asking the Court to dismiss the indictment based on these alleged constitutional violations independent of prosecutorial vindictiveness, such a motion is denied. *See United States v. Morrison*, 449 U.S. 361, 365-66 (1982) (proper remedy for Sixth Amendment right to counsel is suppression of statements not dismissal of indictment); *United States v. Blue*, 384 U.S. 251, 255 (1966) (proper remedy for Fifth Amendment violation is suppression of statements not dismissal of indictment)

Aggravating Factors

On June 16, 2006, the Government filed its Notice of Intent to Seek the Death Penalty ("Notice"). The Notice states that, in the event that Defendant William Baskerville is convicted of the charges against him relating to the death of Kemo McCray (specifically, conspiracy to murder a witness and conspiracy to retaliate against an informant), the

Government will seek to justify a sentence of death on the basis of a number of "aggravating factors" pursuant to the Federal Death Penalty Act, 18 U.S.C. § 3591 *et seq* (the "Act"). Under the Act, a jury in the sentencing phase of a trial is to, among other things, "consider whether all the aggravating factor or factors found to exist sufficiently outweigh all the mitigating factor or factors found to exist to justify the death sentence." *Id.* § 3593(e)(3).

To be valid under the Eighth Amendment, aggravating factors must meet two requirements. First, a valid aggravating factor cannot apply to every defendant convicted of murder, but rather only to a subclass of defendants convicted of murder. *Tuilaepa v. California*, 512 U.S. 967, 972, 114 S. Ct. 2630, 129 L. Ed. 2d 750 (1994). Second, the aggravating circumstances cannot be impermissibly vague. *Id.* In this case, Defendant challenges the statutory factor "substantial planning and premeditation"and the non-statutory factors "victim impact" and "future dangerousness" as constitutionally infirm, alleging that these factors generally apply to all murders and do not adequately guide a jury in distinguishing "those who deserve the death penalty from those who do not." *Arave v. Creech*, 507 U.S. 463, 474 113 S. Ct. 1534, 123 L. Ed. 2d 188 (1993).

Other courts have addressed constitutional challenges to similar aggravating factors. This Court, consistent with those courts addressing similar challenges, finds that these aggravating factors meet the requirements of the Eight Amendment and pass constitutional muster. *See*, *e.g.*, *United States v. Tipton*, 90 F.3d 861, 895 (4th Cir. 1996) ("substantial planning and premeditation" not unconstitutionally vague); *United States v. McCullah*, 76 F.3d 1087, 1110 (10th Cir. 1996) (same); *United States v. Flores*, 63 F.3d 1342, 1373 (5th

Cir. 1995) (same); *Jurek v. Texas*, 428 U.S. 262, 275, 428 U.S. 262, 96 S. Ct. 2950 (1976) (rejecting vagueness challenge to state death penalty statute under which a jury must determine whether defendant presents a "continuing threat to society"); *United States v. Regan*, 228 F. Supp. 2d 742, 752 (D. Va. 2002) (refusing to strike "future dangerousness" finding that it has a "common-sense core meaning" that a jury can understand.); *United States v. Spivey*, 958 F. Supp. 1523, 1535 (D.N.M. 1997) ("future dangerousness" not vague); *Payne v. Tennessee*, 501 U.S. 808; 111 S. Ct. 2597; 115 L. Ed. 2d 720 (1991) (holding that Eighth Amendment does not to bar capital sentencing jury from considering victim impact evidence).

Discovery

Defendant seeks the discovery of various materials, including evidence that would mitigate against imposition of the death penalty; evidence "tending to show the strength of the evidence supporting the Defendant's guilt" (including certain *Brady* and *Giglio* material); information relevant to a potential penalty phase; and any statements made by co-conspirators that the government intends to offer into evidence.

With respect to Defendant's discovery requests, the Government argues that it has either complied to the extent of its obligations or, in certain instances, simply does not have the evidence Defendant requests. Defendant does not dispute that the government has recognized and complied with its discovery obligations under applicable rules and case law. The Government has represented to the Court that it will continue to comply with all discovery obligations as they arise. Defendant's motion for discovery, therefore, is moot, and will be dismissed without prejudice to either party to raise these or any discovery issues that

may arise in the future.

<u>Bill of Particulars</u>

Counsel for both parties have agreed that Defendant's motion for a bill of particulars is moot.

<u>III.  Conclusion</u>

For the reasons set forth above, Defendant's (1) motion to dismiss the indictment for vindictive prosecution is denied; (2) motion to dismiss from the Government's Notice of Intent to Seek the Death Penalty the aggravating factors "substantial planning and premeditation," "victim impact," and "future dangerousness" is denied; (3) motion to compel the discovery of various materials is denied without prejudice; and (4) motion for a bill of particulars is denied as moot.

/s/ JOEL A. PISANO  
United States District Judge

Date: January 17, 2007