UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>WILLIAM BASKERVILLE,<br><br>*Defendant*. | Crim. Action No.: 3:03-cr-00836<br><br>**MEMORANDUM AND ORDER DENYING MOTIONS (ECF NOS. 309 AND 319)** |

This matter is before the Court on two motions filed by William Baskerville ("Defendant" or "Baskerville"). On August 4, 2022, the Court denied Baskerville's Second Motion for Compassionate Release. (ECF No. 314). In that Order (ECF No. 314), I inadvertently did not consider a related motion by Baskerville. More specifically, Baskerville filed a Motion for Leave to File an Addendum to the Second Motion for Compassionate Release ("Motion for Leave").[1] (ECF No. 309). In the Motion for Leave, Baskerville merely repeated the same arguments that gave rise to the denial Order. Since the same arguments are presented, the Court denies the Motion for Leave.

---

[1] The Motion for Leave was erroneously docketed as a Motion for Reduction of Sentence Under First Step Act 18 U.S.C. 3582(c)(1)(A).

1

Shortly after the denial Order, on August 18, 2022, Baskerville filed a Motion for Reconsideration of the Order denying his Second Motion for Compassionate Release ("Motion for Reconsideration"). (ECF No. 319). The gist of Baskerville's argument is that the Court failed to consider all of the 18 U.S.C. § 3553(a) factors in denying compassionate release. For the reasons set forth below, the Motion for Reconsideration is denied.

The Court hereby incorporates its November 23, 2020 Memorandum and Order denying Defendant's First Motion for Compassionate Release (ECF No. 303) and August 4, 2022 Order denying Defendant's Second Motion for Compassionate Release. (ECF No. 314). The facts pertinent to Baskerville's Motions for Compassionate Release are summarized therein, and are not recited herein.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *United States v. Richardson*, No. 3:12-CR-00576 (PGS), 2022 WL 3214410, at *2 (D.N.J. Aug. 9, 2022) (internal quotation marks and citation omitted). Reconsideration is "an extraordinary remedy that is to be granted sparingly." *Id.* (internal quotation marks and citation omitted). On a motion for reconsideration, the moving party has the burden of demonstrating that "(1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is

2

necessary to correct a clear error of law or prevent manifest injustice" *Id.* (internal quotation marks and citation omitted). Baskerville has failed to demonstrate such. Rather, Plaintiff's Motion for Reconsideration merely rehashes the same arguments that were made in his underlying compassionate release motions.

Moreover, it is within the district court's discretion to weigh the § 3553(a) factors. *See United States v. Thomas*, No. 21-1645, 2022 WL 296594, at *2 (3d Cir. Feb. 1, 2022). Here, the Court determined that the deterrence factor of § 3553(a) "outweighed any rationale to warrant a reduction in Baskerville's sentence." (ECF No. 314) (internal brackets omitted). This remains true presently.

## ORDER

**ACCORDINGLY, IT IS** on this 21st day of February, 2023,

**ORDERED** that Defendant's Motion for Leave to File an Addendum (ECF No. 309) is **DENIED**; and

**ORDERED** that Defendant's Motion for Reconsideration (ECF No. 319) is **DENIED**.

                                        PETER G. SHERIDAN, U.S.D.J.