**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　*Plaintiff*,<br><br>v.<br><br>WILLIAM BASKERVILLE,<br><br>　　　　　　　*Defendant*. | Crim. Action No.: 3:03-cr-00836<br><br>**MEMORANDUM AND ORDER** |

　　　This matter is before the Court on defendant William Baskerville's ("Defendant") motion to amend his judgment of conviction and pre-sentence report, which he labeled as a "Request for Expedited Consideration of Rule 36 Motion." (ECF No. 317). Following a trial that spanned more than one month, a jury found Defendant guilty of conspiring to murder a witness (Count One) and conspiring to retaliate against an informant (Count Two), along with several drug related offenses. Defendant was sentenced to life imprisonment. Judgment was entered against Defendant on June 18, 2007 by the late Honorable Joel A. Pisano, U.S.D.J. (ECF No. 244).

　　　The Fourth Superseding Indictment (ECF No. 82) charged Defendant with violations of 18 U.S.C. § 1512(k) (Count One) and 18 U.S.C. § 1513(e) (Count Two), however, Defendant's Judgment and Pre-Sentence Report ("PSR") lists the offenses as "18 U.S.C. §§ 1512(a)(1)(A) & (a)(3)(A)" and "18 U.S.C. §§

1513(a)(1)(B) & (a)(2)(A)," respectively. Defendant now requests that his Judgment and PSR be amended by: (1) deleting "18 U.S.C. §§ 1512(a)(1)(A) & (a)(3)(A)" and replacing same with "18 U.S.C. § 1512(k);" and (2) deleting "18 U.S.C. §§ 1513(a)(1)(B) & (a)(2)(A)" and replacing same with "18 U.S.C. § 1513(e)." The Government agrees that there was an error with respect to the identification of the proper statutory provisions. (ECF No. 321).

Federal Rule of Criminal Procedure 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Rule 36 allows courts to correct clerical, not substantive errors. *See United States v. Bennett*, 423 F.3d 271, 277 (3d Cir. 2005). "A clerical error involves a failure to accurately record a statement or action by the court or one of the parties." *Id.* (internal quotation marks and citations omitted). The error "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Guevremont*, 829 F.2d 423, 426 (3d Cir. 1987) (internal quotation marks and citation omitted). "Rule 36 is normally used to correct a written judgment of sentence to conform to the oral sentence pronounced by the judge." *United States v. Bennett*, 423 F.3d 271, 278 (3d Cir. 2005).

Since Defendant's sentencing on June 18, 2007, Congress amended the specific statutory provision for which Baskerville was convicted. The amendments to the pertinent statutory provisions of sections 1512 and 1513 have no impact on Baskerville's conviction or sentence. However, the amendments to section 1513 warrant brief discussion. At the time of Defendant's sentencing, section 1513 contained two subsection (e)'s. Defendant was convicted of the second subsection (e). Congress subsequently corrected this typographical error by converting the second subsection (e) into a subsection (f).

Defendant's motion is granted in part and denied in part. Rule 36 does not vest federal courts with authority to amend pre-sentence reports. *See Winkelman v. United States*, No. 01-CR-00304-08, 2015 WL 10990339, at *1 (M.D. Pa. Apr. 15, 2015), *aff'd*, 616 F. App'x 50 (3d Cir. 2015); *United States v. Smith*, No. 218CR001406JRGCRW, 2023 WL 3589840, at *4 (E.D. Tenn. May 22, 2023). Even if the Court had authority to do so, Defendant's motion is now untimely. Federal Rule of Criminal Procedure 32(f) provides "[w]ithin 14 days after receiving the presentence report, the parties must state in writing any objections . . . ." *See United States v. Lewis*, No. CR. 00-66-02, 2003 WL 22232858, at *2 (E.D. Pa. July 25, 2003). Defendant made no objections to the presentence report after receiving it or at his sentencing.

The Court will grant the motion as to Defendant's Judgment and correct the errors therein. The changes are clerical in nature as they pertain to the specific offenses that were recorded and written in the Judgment. The statutory provision for Count One should state "18 U.S.C. § 1512(k)." As for Court Two, the statutory provision of which Defendant was convicted should have stated "18 U.S.C. § 1513(e)." However, at the time of his sentencing, section 1513 contained two subsections lettered (e), each which carried a different sentence. Since then, Congress has amended the statute and corrected the error by turning the second subsection (e) into a subsection (f). As the statute currently stands, the correct provision that Defendant was convicted of is 18 U.S.C. § 1513(f). Accordingly, Defendant's Judgment will be amended to state "18 U.S.C. § 1513(f)" as Count Two.

In addition, the Court has discovered some additional errors in the Judgment that it will *sua sponte* amend in the accompanying order. The errors are clerical in nature, and the corrections are made pursuant to Rule 36 in order to ensure a complete and accurate record. The corrections made by the Court today in no way modify, alter or affect the Court's understanding of the crimes for which Defendant was convicted or the sentence imposed upon him.

**ORDER**

**IT IS** on this ___6___ day of September, 2023,

**ORDERED** that defendant William Baskerville's Motion to Amend his Judgment of Conviction and Pre-Sentence Report (ECF No. 317) is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED** that Defendant's motion is **DENIED** as to his Pre-Sentence Report; and it is further

**ORDERED** that Defendant's motion is **GRANTED** as to his Judgment (ECF No. 244) and page one of the Judgment is hereby amended as provided below:

(1) The second paragraph of the Judgment is amended to be replaced with "On motion of the United States, the Court has dismissed count 10 of the Fourth Superseding Indictment and all other underlying counts."

(2) The third paragraph of the Judgment is amended to be replaced with "The defendant was found guilty on counts 1 – 9 of the Fourth Superseding Indictment by a jury verdict on 05-07-2007 after a plea of not guilty. Accordingly, the Court has adjudicated that the defendant is guilty on the following offenses:"

(3) The reference to Count One as "18 U.S.C. 1512(a)(1)(A) & (a)(3)(A)" under the "Title & Section" column is amended to be replaced with "18 U.S.C. 1512(k)."

(4) The reference to Count Two as "18 U.S.C. 1513(a)(1)(B) & (a)(2)(A)" under the "Title & Section" column is amended to be replaced with "18 U.S.C. 1513(f)."

(5) The reference to Count Three as "21 U.S.C. 846 contrary to 21 U.S.C. 841(a)(1) & (b)(1)(A)" under the "Title & Section" column is amended to be replaced with "21 U.S.C. 846."

(6) The reference to Count One as "01/03 through 11/03" under the "Date of Offense" column is amended to be replaced with "11/25/03 through 03/02/04."

(7) The reference to Count Two as "01/25/03 through 03/02/04" under the "Date of Offense" column is amended to be replaced with "11/25/03 through 03/02/04."

(8) The fourth paragraph of the Judgment is amended to be replaced with "As pronounced on June 18, 2007, the defendant is sentenced as provided in pages 1 through 3 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984."

**ORDERED** that any clerical error in the original Judgment does not affect the Court's understanding of Defendant's crimes of conviction and nothing herein shall modify, alter, or affect the sentence lawfully imposed upon Defendant.

PETER G. SHERIDAN, U.S.D.J.